UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

14 APR 15 PM 1:19

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| TOSHA VICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. |
| | ) |
| PILOT TRAVEL CENTERS LLC, | ) 1:14-cv-0582 WTL-DKL |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1.  Plaintiff, Tosha Vick ("Vick"), by counsel, brings this action against the Defendant, Pilot Travel Centers LLC ("Defendant"), for unlawfully violating her rights as protected by the Americans with Disabilities Act ("ADA"), as amended, and retaliatory discharge in contravention of public policy for requiring a workers' compensation claim under Indiana common law.

### II. Parties

2.  Vick has resided within the Southern District of Indiana at all relevant times.

3.  Defendant has maintained one or more offices in and conducts business within the Southern District of Indiana.

### III. Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 12117, and 28 U.S.C. § 1343.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

6. Vick, at all relevant times, has been an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7. Vick is a qualified individual with a disability as that term is defined by 42 U.S.C. § 12102. At all relevant times, Vick was a qualified individual with a disability and/or Defendant perceived Vick as being disabled.

8. Vick satisfied her obligation to exhaust her administrative remedies having timely filed a charge of discrimination with the Equal Employment Opportunity Commission Indianapolis District Office ("EEOC") alleging unlawful discrimination and retaliation. Vick received her Notice of Suit Rights and files the instant matter within ninety (90) days of receipt thereof.

9. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana; thus, venue is proper in this court.

### IV. Factual Allegations

10. Defendant hired Vick on or about May 10, 2012, as a team member at Store 649 in Indianapolis, Indiana.

11. At all relevant times, Vick met or exceeded Defendant's legitimate expectations of performance.

12. On or about September 22, 2012, Vick injured her back and head while working after slipping on grease-like material and falling.

13. On or about September 22, 2012, one or more of Defendant's agents were aware of Vick's accident and injury. An incident report was completed.

14. After the accident and injury, Vick received treatment in the emergency room and was given a note to remain off work from September 22, 2012 to September 25, 2012.

15. On or about September 24, 2012, Vick was notified by one of Defendant's agents that she was being fired due to a customer complaint against her.

16. In or about April of 2013, Vick was awarded unemployment benefits.

17. Upon inspection of the unemployment documents, Vick discovered the date on the alleged customer complaint documentation occurred on a date she was not at work.

18. Upon inspection of the unemployment documents, Vick discovered that the customer complaint situation that was described was not one she recalls being involved with at any point during her employment with Defendant.

19. Vick continues to suffer from symptoms related to her back injury sustained on or about September 22, 2012, while working for Defendant.

20. On or about July 1, 2013, Vick submitted her Charge of discrimination and retaliation against Defendant to the EEOC.

21. On or about January 17, 2014, Vick received her Notice of Right to Sue from the EEOC.

22. All reasons proffered by Defendant for adverse actions taken by it regarding Vick's employment are pretextual.

23. Vick has suffered injury as a result of Defendant's unlawful actions.

## V. Causes of Action

### COUNT I - DISABILITY DISCRIMINATION

24. Vick hereby incorporates paragraphs 1-23 of her Complaint.

25. Defendant took adverse employment actions against Vick based on her disability and/or its perception of her being disabled.

26. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Vick's rights as protected by the ADA.

### COUNT II – RETALIATORY DISCHARGE

27. Vick hereby incorporates paragraphs 1-26 of her Complaint.

28. Defendant took adverse employment actions against Vick in contravention of public policy for requiring a workers' compensation claim.

29. Defendant's actions were intentional, willful, and done in reckless disregard of Vick's rights under Indiana common law.

## VI. Requested Relief

WHEREFORE, Plaintiff, Tosha Vick, by counsel, respectfully requests that this court find for her and order that:

1. Defendant reinstate Vick to the same position, salary, and seniority, or pay front pay and benefits to Vick in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Vick;

3. Defendant pay liquidated damages to Vick;

4. Defendant pay compensatory and punitive damages to Vick;

5. Defendant pay pre- and post- judgment interest to Vick;

6. Defendant pay Vick's attorneys' fees and costs incurred in litigating this action;

and

7. Defendant pay to Vick any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*Ashley D. Marks*
Ashley D. Marks, #30009-49
Attorney for Plaintiff
CHARLES D. HANKEY LAW OFFICE
434 E. New York Street
Indianapolis, Indiana 46202
(317) 634-8565
(317) 634-6871 – FAX
adm@hankeylaw.com